IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30754
Summary Calendar
_____


UNITED STATES OF AMERICA

        Plaintiff - Appellee

   v.

MARVIN B COLAR

        Defendant - Appellant

--------------------
Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CR-130-1-A
--------------------
June 14, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Marvin B. Colar argues that the district court abused its

discretion in denying his motion for extension of time to file an

untimely notice of appeal based on his excusable neglect.  Colar

argues that he should have been allowed to present evidence of

his excusable neglect at an evidentiary hearing.

    "[A] misconstruction of the rules–especially when their

language is plain–will rarely satisfy the `excusable neglect'

standard."  <u>Halicki v. Louisiana Casino Cruises, Inc.</u>, 151 F.3d

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

465, 469 (5th Cir. 1998). If "the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable." Id. at 470.

Fed. R. App. P. 4(b)(1)(A)(i) provides that a notice of appeal must be filed in a criminal case within ten days of entry of judgment. The rule is clear and unambiguous. Colar has not asserted that he was unaware of or was mislead about the application of the ten-day rule. Colar has not provided the court with any valid reason why he was unable to comply with the rule.

Nor has Colar demonstrated that he possessed evidence that could have been presented at an evidentiary hearing that would have established excusable neglect. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute `excusable' neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 391. (1993) The mere fact that Colar initially received an improper form is not a sufficient basis for failing to file a timely notice.

The district court did not abuse its discretion in denying Colar's motion for an extension of time to file his untimely notice of appeal.

Colar has not argued on appeal that he placed his notice of appeal in the prison mailing system prior to or on the last day of the appeal deadline. Therefore, this issue is deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

APPEALS DISMISSED.